# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

**JOY TECHNOLOGIES INC.** and
**JOY MM DELAWARE, INC.**,

      Plaintiffs,

vs.

**NORTH AMERICAN REBUILD CO., INC.**,

      Defendant.

Case No. _____

## COMPLAINT AND JURY DEMAND

Plaintiffs, Joy Technologies Inc. and Joy MM Delaware, Inc. (collectively "Joy"), by their attorneys, Michael Best & Friedrich LLP, James Earl Lowe, Jr., and Pietragallo, Bosick & Gordon, file this Complaint against Defendant North American Rebuild Co., Inc. ("NARCO") alleging as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Joy MM Delaware, Inc. is a Delaware corporation with its principal place of business located at 2751 Centerville Road, Suite 310, Wilmington, Delaware 19808. Joy MM is the owner of the federally registered JOY trademarks at issue in this litigation.

2. Plaintiff Joy Technologies Inc. is a Delaware corporation with its principal place of business located at Thorn Hill Industrial Park, 77 Thorn Hill Road, Warrendale, Pennsylvania 15086. Joy Technologies is the exclusive licensee of the federally registered JOY trademarks at issue in this litigation.

3. Defendant North American Rebuild Co., Inc. ("NARCO") is a West Virginia corporation with its principal place of business located in Smithers, West Virginia. Upon information and belief, NARCO is engaged, *inter alia*, in the fabrication, reconditioning, and rebuilding of mining equipment throughout the United States, as well as the sale and service of such equipment.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367. This matter presents questions of federal trademark and unfair competition law, as well as pendent state trademark and unfair competition laws.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c). The trademarks at issue are situated in this district, and, upon information and belief, the Defendant resides in this district by virtue of its substantial contacts with the district and the State of Pennsylvania.

**SUBSTANTIVE ALLEGATIONS**

6. Joy is engaged in the business, *inter alia*, of making and selling new equipment for underground mining operations, as well as servicing, refurbishing, and selling used mining equipment. In particular, Joy sells and services new and refurbished shuttle cars, as well as parts and components therefor, which are used to transport coal from point to point in underground mines.

7. Since at least as early as August, 1955, Joy and its predecessors-in-interest have used the JOY trademark on and in connection with mining equipment, including shuttle cars. Joy owns a federal registration for JOY, a copy of which is attached hereto as Exhibit 1.

2

8.  Since at least as early as May, 1963, Joy and its predecessors-in-interest have used the JOY & Design trademark on and in connection with mining equipment, including shuttle cars. Joy owns a federal registration for its JOY & Design mark, a copy of which is attached hereto as Exhibit 2.

9.  Due to the long and continuous use of the JOY and JOY & Design marks (collectively, "the JOY trademarks"), these marks are among the strongest and most recognizable trademarks in the underground mining equipment industry. They serve to distinguish Joy's products and services from those of others. Said marks have come to represent the enviable reputation and very valuable goodwill of Joy among members of the trade and the purchasing public. The JOY trademarks are famous due to their longtime use and promotion, as well as the excellent reputation Joy has established.

10. Joy has invested decades of time and resources into the development of high quality, reliable, and safe mining machinery that meets all applicable regulations. During this time, Joy has consistently used its JOY Trademarks in connection with its goods and services. As a result, customers for mining machinery have come to rely on the JOY Trademarks to identify genuine Joy goods and to distinguish such goods from those of other companies. Customers associate the JOY Trademarks used on goods and in signs, displays and advertisements, with underground mining machine goods and services of high quality.

11. Joy has expended a great deal of time, effort, and money in the promotion and advertisement of the goods and services sold and offered for sale under the JOY trademarks.

12. Upon information and belief, NARCO is engaged in the fabricating of mining machinery and the reconditioning and rebuilding of used mining machinery, including shuttle cars, as well as the sale and service of such goods.

3

13.     In the course of NARCO's fabricating, rebuilding, and reconditioning, NARCO has misused JOY Trademarks by employing them on shuttle cars that do not originate with Joy.

14.     In particular, NARCO has, on at least one occasion to Joy's knowledge, fabricated a shuttle car according to its own specifications, but affixed to the newly built machine a metal plate that identified Joy Manufacturing Co. and bore a registration number, ET15956. The plate had previously been attached to a genuine new Joy shuttle car. NARCO placed that metal plate on the new car it constructed, thereby creating the false impression that the new car met the same standards as the original Joy shuttle car from which the plate was removed. The plate further created the false impression that the shuttle car was a Joy manufactured product, which it was not.

15.     The shuttle car sold by NARCO was not, in fact, a rebuilt Joy shuttle car. It was an entirely new vehicle built by NARCO. This new machine, which did not originate with Joy, was then sold under the JOY trademarks, using a Joy model number and a registration number linked to an entirely different Joy shuttle car.

16.     Upon information and belief, NARCO's shuttle car, sold as a Joy product, was of inferior quality and did not meet Joy's exacting standards.

17.     NARCO's conduct has caused actual confusion among members of the trade and the consuming public. As a result of a serious personal injury accident involving the shuttle car actually constructed by Defendant but bearing the JOY Trademarks, Joy Manufacturing Co. and Joy Technologies Inc. d/b/a Joy Mining Machinery were named in a lawsuit currently pending in the Circuit Court of Mingo County, West Virginia, <u>New v. Golden Chance Mining, Inc., et al.</u>, Civil Action No. 04-C-27.

18. NARCO's conduct is likely to cause additional confusion, mistake, and deception as to the source and sponsorship of its goods and services such that consumers have believed and are likely to continue to believe, contrary to fact, that Defendant is associated or affiliated with or authorized by Joy, all to Joy's irreparable loss and damage.

19. NARCO's sale of inferior goods under the JOY Trademarks causes irreparable harm to Joy's reputation in the trade for high quality and workmanship.

20. NARCO's conduct further causes Joy monetary damage in the form of lost profits and attorneys' fees.

21. Upon information and belief, NARCO has full knowledge of the existence of the JOY trademarks, yet uses those trademarks on goods not manufactured by Joy. The acts of Defendant complained of herein were committed and are being committed willfully.

22. Defendant's unauthorized use of the JOY Trademarks has been, and continues to be made, with the intent to trade on Joy's reputation and goodwill and to pass off Defendant's products and services as originating with or authorized by Joy, which they are not.

## COUNT I
### Federal Trademark Infringement

23. Plaintiffs incorporate all of the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Defendant's conduct as complained of herein constitutes trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114-1118.

## COUNT II
### Federal Unfair Competition – Federal Misrepresentation and False Designation of Origin

25. Plaintiffs incorporate all of the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

5

26. Because of its long, extensive, and continuous use, with substantial advertising and promotion, the JOY trademarks are recognized by the public as an indicator of source for Plaintiffs' goods and have strong secondary meaning.

27. Due to many years of continuous use and advertising, the JOY trademarks are strong distinctive trademarks entitled to substantial protection.

28. Due to public recognition of the JOY trademarks, and the goodwill Plaintiffs have established in the JOY trademarks, it is likely that members of the underground mining equipment industry who encounter the Defendant's products will believe, mistakenly, that Defendant's products originate with, or are sponsored, endorsed, approved by, or in some way connected with the Plaintiffs.

29. Defendant has no permission, authorization, approval, or consent from the Plaintiffs to use the JOY trademarks in association with the Defendant's goods.

30. Defendant's conduct, as complained of herein, constitutes federal unfair competition, false representation, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
### Federal Unfair Competition – Federal Dilution

31. Plaintiffs incorporate all of the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. By reason of continuous, extensive, and exclusive use for many years, Plaintiffs' JOY trademarks are famous within the meaning of the Federal Dilution Act, incorporated as Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

33. Defendant first used the JOY trademarks after Plaintiffs' JOY trademarks had become famous.

6

34. Defendant had no permission, authorization, approval or consent from Plaintiffs to use Plaintiffs' JOY trademarks or marks confusingly similar thereto.

35. Defendant's infringing use of Plaintiff's JOY trademarks has diluted, and, in the absence of injunctive relief, is likely to further dilute, the distinctive quality of Plaintiffs' JOY trademarks.

36. Defendant's conduct as complained of herein constitutes federal dilution in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

## COUNT IV
## Trademark Infringement and Unfair Competition under Pennsylvania Law

37. Plaintiffs incorporate all of the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. Defendant's conduct as complained of herein constitutes trademark infringement and unfair competition under the common law of the Commonwealth of Pennsylvania.

39. Defendant's conduct as complained of herein constitutes trademark infringement and unfair competition in violation of 54 Pa. C.S.A. § 1123.

## COUNT V
## Identity Theft

40. Plaintiffs incorporate all of the allegations set forth in paragraphs 1 through 39.

41. Defendant, by taking Plaintiffs' company identification plate off of a machine made by Plaintiffs and then placing it on a machine made by Defendant, possessed or used identifying information of another person without the consent of that other person to further an unlawful purpose.

42. Defendant's conduct, as complained of herein, constitutes identity theft in violation of 54 Pa.C.S.A. § 4120 and the common law of Pennsylvania.

7

WHEREFORE, Plaintiffs demand judgment as follows:

A. An injunction against Defendant and its servants, agents, employees, successors and assigns, and all persons acting in concert with them, enjoining them from:

1. Any further infringing use of any marks owned by Joy or any colorable imitation thereof or any mark confusingly similar thereto;

2. Holding themselves out to the public as being authorized, affiliated, or sponsored by Joy in any manner or committing any acts likely to imply such a relationship or affiliation;

3. Passing off their products and services as originating with or sponsored or authorized by Joy;

4. Placing or maintaining any of the Joy trademarks on equipment that is not substantially composed of Joy original equipment or on Joy original equipment that has been substantially modified;

5. Placing a permanent notice on any Joy original equipment that has been substantially modified by Defendant stating that the equipment has been substantially modified by Defendant and Joy is not connected with or responsible for such modified equipment;

6. Sending to each of Defendant's customers that have purchased mining equipment from Defendant within the preceding five (5) years a letter stating that Defendant has no connection or affiliation with Joy and is not authorized by Joy to fabricate, recondition, or refurbish mining equipment or to sell or service such equipment, and requesting the return of Plaintiffs' name plates attached to equipment not made by Plaintiffs.

B. An order requiring Defendant to deliver up to Joy for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material in its possession or under its control, as well as any products which bear any marks owned by Joy or any colorable imitation thereof or any mark confusingly similar thereto which were not manufactured by Joy, or any colorable imitation thereof or any mark confusingly similar thereto which were not manufactured by Joy, and any plates, molds and other means of making the same;

C. An accounting of profits made by Defendant as a result of the acts complained of herein;

8

D. Damages sustained by Joy as a result of the acts complained of herein, to be trebled in accordance with 15 U.S.C. § 1117 or 54 Pa.C.S.A. § 8315;

E. Attorneys' fees pursuant to 15 U.S.C. § 1117 or 54 Pa.C.S.A. § 8315; and

F. Interest, costs and such other relief as the court deems just and equitable.

Pietragallo, Bosick & Gordon

By: */S/ Joseph J. Bosick*
Joseph J. Bosick, Esquire
One Oxford Centre
The Thirty-Eighth Floor
Pittsburgh, PA 15219
(412) 263-2000

**OF COUNSEL**:

Katherine W. Schill, Esquire
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

James Earl Lowe, Jr., Esquire
Law Offices of James Earl Lowe, Jr.
15417 W. National Ave. #300
New Berlin, WI 53151

Case 2:05-cv-01026-GLL Document 1 Filed 08/02/05 Page 9 of 9