# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

---

**JOY TECHNOLOGIES INC.** and
**JOY MM DELAWARE, INC.**,

      Plaintiffs,

Civil Case No. 05-1066

vs.

**NORTH AMERICAN REBUILD CO., INC.**,

      Defendant.

---

### JOY TECHNOLOGIES INC. AND JOY MM DELAWARE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

---

Plaintiffs, Joy Technologies Inc. and Joy MM Delaware, Inc. (collectively "Joy"), by their attorneys, Michael Best & Friedrich LLP, James Earl Lowe, Jr., and Pietragallo, Bosick & Gordon, offer this brief in support of their motion for the following relief against Defendant North American Rebuild Co., Inc. ("NARCO"):

(1) An Order, pursuant to Fed.R.Civ.P. 37(a)(2), compelling NARCO to produce documents responsive to Joy's First Set of Requests for Production of Documents to Plaintiff;

(2) An Order, pursuant to Fed.R.Civ.P. 37(a)(4), of Joy's reasonable attorneys fees and expenses incurred in making this motion.

## INTRODUCTION

This is a trademark infringement and unfair competition case brought under the Lanham Act and State-law corollaries. Joy is engaged in the business, *inter alia*, of making and selling new equipment for underground mining operations, as well as servicing, refurbishing and selling used mining equipment. In particular, Joy sells and services new and refurbished shuttle cars, as well as parts and components therefore, which are used to transport coal from point to point in

underground mines.  Defendant NARCO is engaged in the fabricating of mining machinery and the reconditioning and rebuilding of used mining machinery, including shuttle cars, as well as the sale and service of such goods.  NARCO's business includes working on Joy-manufactured shuttle cars.

In the course of NARCO's fabricating, rebuilding, and reconditioning, NARCO has misused Joy trademarks by employing them on shuttle cars that do not originate with Joy.  In particular, NARCO fabricates shuttle cars according to its own specifications, but affixes to the newly built machine a metal plate that identified Joy Manufacturing Co. and bares a Joy registration number.  The plates have previously been attached to genuine new Joy shuttle cars.  NARCO places these metal plates on the new cars it constructs, thereby creating the false impression that the new cars meet the same standards as the original Joy shuttle cars from which the plate were removed, which they do not.  The plates further create the false impression that the shuttle cars were Joy manufactured products, which they are not.

Joy served document requests related to these NARCO actions and NARCO has, for the most part, refused to respond.  NARCO has yet to produce any documents in response to the request, despite the fact that such documents were due over two months ago.  NARCO has taken a similarly cavalier attitude with respect to its written discovery responses, with either conclusory relevance objections or objections to the production of clearly relevant documents because such production would allegedly be "burdensome."  Other than these written discovery responses, NARCO has refused, despite repeated requests, to engage in a discussion of Joy's discovery requests, thus requiring the filing of this Motion to Compel.

2

## BACKGROUND

On March 13, 2006, Joy served NARCO with its First Set of Document Requests to Defendant following Requests (Attached as Ex. "A" to the Declaration of Jacob E. Miota, dated July 18, 2006 ("Miota Dec.")) that are the subject matter of this discovery dispute:

> Request No. 1: Documents that identify every Shuttle Car on which you have replaced one or more of the Major Parts,[1] from 1996 to present.
>
> Request No. 2: For each Shuttle Car identified in Request No. 1, documents including but not limited to work orders, schematics, invoices, purchase orders, and job files, showing all work performed on the Shuttle Car by, on behalf of, or at the request of NARCO.
>
> Request No. 3: Documents, including but not limited to work orders, purchase orders, inquiries, and invoices, that show, describe, or relate to communications between NARCO and its customers, mine operators, and/or end users or operators for each Shuttle Car identified in response to Request No. 1.
>
> Request No. 4: Documents referring or relating to any field modification approvals obtained or applied for in connection with any Shuttle Car identified in response to Request No. 1.
>
> Request No. 6: Documents concerning any policies, protocols, or operating procedures NARCO has regarding the process of rebuilding mining machinery.
>
> Request No. 7: Documents constituting or concerning reports from any entity or agency, including but not limited to the Mine Safety and Health Administration, that relate to any Shuttle Car identified in response to Request No. 1.
>
> Request No. 8: Documents showing the profit to NARCO generated from the rebuilding of Shuttle Cars identified in response to Request No. 1.
>
> Request No. 9: Federal tax returns filed by NARCO from 1998 to present.

---

[1] "Major Parts was defined to mean "in connection with shuttle cars [bearing a Joy serial number], the canopy, frame, electrical system, or controller case."

3

>Request No. 10: Balance sheets and profit and loss statements for each fiscal year from 1998 to present.

>Request No. 12: Any forms, reports, or other documents submitted to any entity or agency, including but not limited to the Mine Safety and Health Administration, relating to or concerning any Shuttle Car identified in response to Request No. 1.

On April 17, 2006, NARCO served its Response to Requests for Documents. (The Response is attached to the Miota Dec. as Exhibit "B".) NARCO objected to Requests 1-4, 6-7 and 12[2] because they are "overly broad, vague and unduly burdensome" in that they would require NARCO to produce documents relating to "almost every shuttle car that it has rebuilt since 1996." With respect to Request Nos. 6 and 8-10, NARCO objected to the Requests because they are "overly broad, unduly burdensome and exceed the scope of permissible discovery" because they "seek documents that contain NARCO's confidential and/or proprietary business information."

On May 12, 2006, Jacob E. Miota, an attorney for Joy, faxed a letter to Frederick W. Bode, III, one of NARCO's attorneys, a letter indicating that NARCO's Response to Request for Documents was insufficient, and spelling out the reasons why the documents requested were appropriate objects of discovery. Mr. Miota asked Mr. Bode to "consider this [letter] a communication concerning a discovery dispute pursuant to Local Rule 37.1." (Mr. Miota's letter is attached to his Declaration as Exhibit "C".) Mr. Bode responded on May 25, 2006, suggesting that the parties postpone any discussion of the discovery dispute while they engaged in settlement talks. (Mr. Bode's letter is attached to the Miota Dec. as Exhibit "D".)

---

[2] NARCO objected to Requests Nos. 4, 6, 7 and 12 on the additional grounds that they are "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." These relevancy objections are not explained at all. In any event, what modifications NARCO makes to the Joy-manufactured shuttle cars that are the subject of this lawsuit, and what NARCO reports to the government regarding these shuttle cars, is obviously relevant.

4

Despite serious efforts, settlement talks have failed. The parties failed to agree on the terms of a written settlement agreement, and on July 10th, settlement communications broke down. James Lowe, an attorney for Joy, informed NARCO that its refusal to agree to refrain from infringing Joy's trademarks and copyrights, or otherwise violate the Lanham act as to Joy, meant that there was no settlement. The e-mail chain depicting the failure of settlement is attached to the Miota Dec. as Exhibit "E". In the e-mail chain, Mr. Lowe asks Mr. Bode twice about NARCO's outstanding discovery, but Mr. Bode refuses to engage in that conversation, instead insisting that NARCO will bring a motion to enforce the non-existent settlement. In light of the foregoing, Joy satisfied its obligation to confer with the party not making discovery disclosures under Rule 37(a)(2)(A).

The document discovery sought by Joy is both necessary to prosecuting its claims and reasonable. NARCO's pro-forma objections are without merit. This Court should order NARCO to produce documents in response to Joy's First Set of Requests for Documents.

## ARGUMENT

Parties may obtain discovery regarding any matter, not privileged, relevant to the subject matter in the action. Fed.R.Civ.P. 26(b)(1). Rule 26(b)(1) provides, in pertinent part, that:

> Parties may obtain discovery regarding **any matter**, not privileged, that is **relevant to the claim or defense of any party** … Relevant information need not be admissible at trial **if the discovery appears reasonably calculated to lead to the discovery of admissible evidence**. (Emphasis added.)

Relevance for discovery purposes is far broader than relevance for evidentiary purposes. *Compare* Fed.R.Civ.P. 26(b)(1) with Fed.R.Evid. 401. The documents requested by Joy go to the heart of its Lanham Act claims and to its damages thereunder, and are clearly relevant.

5

The burden rests with the party resisting discovery to establish why relevant material should not be produced. Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). NARCO does not meet this burden, instead providing nothing but conclusory boiler-plate statements that producing these documents is too burdensome or somehow "beyond the scope of permissible discovery." Joy's requests are neither, and NARCO should be made to produce relevant documents in its possession.

Document Requests Nos. 1-4, 6-7 and 12 concern various aspects of NARCO's maintenance/rebuilding operation, specifically with respect to shuttle cars bearing Joy-serial numbers on which NARCO has replaced certain defined major parts. NARCO, however, objects to these Requests as overly broad and unduly burdensome. With respect to Requests 1-3, NARCO fleshes out this objection,[3] stating that Joy's definition of major parts:

> Encompasses almost every shuttle car that [NARCO] has rebuilt since 1996. Defendants NARCO cannot be expected to produce documents from every Shuttle Car on which one or more major parts as defined by Plaintiffs has been replaced since 1996 to the present and, thus, objects to the same as being overly broad, vague and unduly burdensome. Without waiving said objection, Plaintiff is already in possession of documents involving Shuttle Cars ET #15956 and ET #16719.

While NARCO may be correct that these Requests will require the production of a large quantity of documents, NARCO is alleged to have committed serious violations of the Lanham Act, among other things. Specifically, NARCO is alleged to have replaced substantial parts on Joy's shuttle cars with its own fabricated or otherwise non-OEM parts, thereby altering the cars, and then passed off the cars as genuine Joy cars. The documents related to the Joy cars NARCO worked on, therefore, are relevant and necessary to the prosecution of this case. In no sense are

---

[3] NARCO's objections to Requests Nos. 4, 6-7 and 12 as "overly broad" and "unduly burdensome" are mere conclusory statements, there is no explanation as to why the requests are overly broad or what burden would be imposed on NARCO in producing the documents. In any event, the Requests are central to Joy's case, and should be produced.

6

the Requests **overly** broad or **unduly** burdensome. Rather, they are a necessary consequence of NARCO's wrongful actions.

In addition to a conclusory "overly broad, unduly burdensome" objection, with respect to Request No. 6, which seeks documents concerning any policies, protocols, or operating procedures NARCO has regarding the process of rebuilding mining machinery, NARCO objects that the request "exceeds the permissible scope of discovery because it "seeks documents that contain NARCO's confidential and/or proprietary business information." While it may be the case that NARCO will have to produce some confidential or proprietary business information in response to this request, there is nothing "impermissible" about that. Joy has offered to enter into a confidentiality agreement or protective order with respect to such information, but NARCO has not responded to that offer. In any event, the fact that NARCO may have to produce confidential information about its policies and procedures in rebuilding Joy-manufactured shuttle cars is not a sufficient basis to resist this production.

Similarly baseless is NARCO's objection to Requests 8-10, which seek financial information from NARCO in order to help Joy determine the remedies available to it under the Lanham Act. Such remedies can include NARCO's profits. *See* 15 U.S.C. § 1117(a). NARCO objects to producing the information sought in these Requests because they "seek documents that contain NARCO's confidential and/or proprietary business information." Again, that is not a sufficient basis to withhold documents, especially if the parties enter into a protective order, and therefore NARCO should be made to produce documents responsive to these Requests. *See* SmithKline Beecham Corp. v. Apotex Corp., 1999 WL 311697, *7-*8 (N.D. Ill.) (Rejecting unsubstantiated claims of undue burden and ordering production of 160 laboratory notebooks and other documents located outside the U.S).

## **CONCLUSION**

For all of the reasons set forth above, Joy respectfully requests that the Court grant this motion and order NARCO to provide documents responsive to the discovery in issue. Provident also requests an award of the actual attorneys' fees and costs associated with bringing this motion, along with any further relief the Court deems equitable.

Dated this 18th day of July 2006.

                                                        Pietragallo, Bosick & Gordon

By: */S/ Joseph J. Bosick*
       Joseph J. Bosick, Esquire
       One Oxford Centre
       The Thirty-Eighth Floor
       Pittsburgh, PA 15219
       (412) 263-2000

**OF COUNSEL**:

Katherine W. Schill, Esquire
S. Edward Sarskas, Esquire
Jacob E. Miota, Esquire
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108

James Earl Lowe, Jr., Esquire
Law Offices of James Earl Lowe, Jr.
15417 W. National Ave. #300
New Berlin, WI 53151

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **JOY TECHNOLOGIES INC. AND JOY MM DELAWARE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY** as served via United States First Class Mail, postage pre-paid, this 18th day of July 2006, upon the following:

Frederick W. Bode, III, Esquire
Darren E. Wolf, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA  15222
*Counsel for Defendant NARCO*

*/S/ Joseph J. Bosick*
Joseph J. Bosick, Esquire
Pietragallo, Bosick & Gordon
One Oxford Centre
The Thirty-Eighth Floor
Pittsburgh, PA  15219
(412) 263-2000

*Counsel for Plaintiffs*