IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOY TECHNOLOGIES INC. and      )
JOY MM DELAWARE, INC.,         )
         Plaintiffs,           )
                               )
     v.                        )  Civil Action No. 05-1066
                               )
NORTH AMERICA REBUILD CO., INC.)
         Defendant.            )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                          August 7, 2006

This is an action in trademark infringement and unfair
competition. Plaintiffs contend that defendant has wrongfully
used their trademarks on refurbished mining equipment. Defendant
has filed a motion to enforce settlement [doc. no. 17].
Plaintiffs have filed a motion to compel discovery responses
[doc. no. 14]. Because we find that there is no enforceable
settlement agreement in this case, defendant's motion will be
denied. Plaintiff's motion will also be denied, without
prejudice.


I.    FACTUAL BACKGROUND

Defendant contends that this case was settled in accordance
with the terms of a May 18, 2006 letter sent by plaintiffs'
counsel to defendant's counsel. That letter stated:

     Joy is not prepared to settle the trademark
     action without (1) an acknowledgment that NARCO

> built the shuttle car involved in the Troy New
> accident; (2) an acknowledgment that any shuttle
> car falling within the scope of paragraphs 2 and
> 3 of your email constituted a NARCO-made vehicle;
> and (3) an indemnification of Joy for fees and
> costs associated with the Troy New personal
> injury case...[but] Joy is willing to waive its
> fees and costs associated with the Troy New case
> if NARCO agrees to dismiss Joy on or before May
> 26, 2006

May 18, 2006 letter from K. Schill to D. Wolf.

The Troy New case was a personal injury action pending in West Virginia state court in which both NARCO and Joy were named as defendants. Joy contended that they had no liability because the equipment involved in the accident was refurbished by NARCO, who wrongfully attached Joy's trademarks to the equipment. This is the same misconduct NARCO is accused of in this case.

There is no dispute that defendant did not accept this offer by the May 26, 2006 deadline. Rather, on June 7, 2006, defendant's counsel called plaintiffs' counsel to determine whether the terms of the May 18th letter were still available. According to defendant, plaintiffs' counsel responded that "she was not sure", "thought that the terms would still be open", and "could not understand why they would not be." There is also no dispute that defendant's counsel was repeatedly informed that plaintiffs' counsel was unable to contact her client to confirm whether the offer was still open.

2

The parties communicated by electronic mail messages that same day. Those messages reveal that as of June 7, 2006 plaintiffs' counsel believed that the parties had "discussed working toward a settlement of the trademark case under terms similar to those that were negotiated with Philips", that she was "not sure which offer you are referring to", and had not had "any contact with Joy about this." June 7, 2006 email from K. Schill to R. Bode. In response, defendant's counsel indicated that his client was accepting the terms of the May 18, 2006 letter, which he summarized as being "that Joy will be dismissed from the New case and all cross claims in that action dropped, that the Joy Trademark case against NARCO will be dismissed with each side bearing their own costs and legal expenses and that the parties will move to secure an agreement which reflects terms similar to those negotiated in Phillips." June 7, 2006 email from R. Bode to K. Schill.

A representative of plaintiffs did not become involved until June 8, 2006 (after defendant had dismissed plaintiffs from the Troy New case). At that time, the representative still did not agree to the "settlement", but instead noted that the May 26th deadline had been missed, and said that he would discuss the matter with his outside counsel and "see if we are now in a position to resolve this matter." June 8, 2006 email from L.

3

Lepidi to R. Bode.    Between June 26 and 27, 2006 the parties apparently attempted to agree on a "general framework" for the trademark case settlement agreement.    Unable to do so, the parties broke off settlement communications.    Plaintiffs then demanded responses to outstanding discovery requests, but defendant refused on the ground that the case had been settled, relieving it of any duty to engage in discovery.    The motions now under consideration followed.

## II.   LEGAL STANDARDS

A settlement agreement is enforceable if: (1) both parties have manifested an intention to be bound by its terms; (2) the terms are sufficiently definite to be specifically enforced; and (3) there is consideration.    Channel Home Centers v. Grossman, 795 F.2d 291, 298-99 (3d Cir. 1986).    A formal written document is not required as long as the parties agree on the essential terms and intend them to be binding.    Capek v. Mendelson, 821 F.Supp. 351, 357 (E.D. Pa. 1993).

## III.   DISCUSSION

We find that there is no enforceable settlement agreement in this case.

4

First, there is no evidence that both parties manifested an intention to be bound.  As of June 7, 2006, plaintiffs' counsel was not aware of what offer was allegedly being accepted and had informed defendant's counsel that she was unable to reach her client to confirm the continued viability of the offer.   When plaintiffs' representative did become involved in the communications, after defendant had already dismissed plaintiffs from the Troy New case, he merely noted that the May 26th deadline had been missed, but said that he would talk to counsel to see if they were in a position to settle the case.   This string of communications does not indicate a mutual intention to be bound.  Certainly defendant had an intent to be bound, which is easy to understand because defendant had already given plaintiffs the consideration that they desired - i.e., dismissal from the Troy New case.    Plaintiffs, on the other hand, manifested an intent to consider being bound.  Neither party has submitted evidence regarding any communications after June 8th.

Although there is evidence that the parties were discussing the terms of a settlement agreement for the trademark case in late June, apparently, there was no agreement on even the general framework of the settlement at that time.   Therefore, we cannot find mutual intent to be bound based on that course of conduct.

5

Second, the alleged terms are not sufficiently definite to allow specific enforcement of the alleged agreement.  As an initial matter, the terms summarized by defendant's counsel as those that were being accepted do not match the terms of the May 18, 2006 offer letter.  For instance, defendant's counsel states that one of the settlement terms is that "the Joy trademark case against NARCO will be dismissed with each side bearing their own costs and legal expenses."  Dismissal of the trademark case is not mentioned in the May 18, 2006 letter.  Nor does the letter discusses how costs and fees associated with the trademark case will be handled.  Rather, it addresses only such costs associated with the Troy New case.

Even looking past this mis-characterization of the May 18th letter, and at the terms of the letter itself, we find that there is insufficient specificity as to the trademark case to allow for enforcement.  Although the letter requires that certain actions be taken with regard to the Troy New case before "Joy is [] prepared to settle the trademark action," it does not give any terms for that settlement.  The settlement could be virtually anything - dismissal, with no exchange of money; dismissal, with exchange of money; dismissal, with restrictions regarding future use of plaintiffs' trademarks; acceptance of a default judgment with an agreement not to execute.  Put simply, were one party to

6

come to this court accusing the other party of breaching the settlement agreement, we could not resolve the dispute because we would not be able to determine what the agreement required.

Because there is no enforceable settlement agreement, defendant's asserted reason for failing to participate in discovery is invalid.   We will therefore allow defendant an opportunity to engage in efforts to resolve the discovery dispute.    Should such efforts fail, plaintiffs may file an appropriate motion to compel.  Such motion shall be accompanied by a proposed order that most reasonably resolves all discovery disputes.   In response, defendant shall file its version of the most reasonable proposed order.   The proposed order deemed most reasonable by the court will be signed, without modification.

## IV.    CONCLUSION

For the forgoing reasons, defendant's motion is denied. Plaintiffs' motion to compel is also denied, without prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOY TECHNOLOGIES INC. and      )
JOY MM DELAWARE, INC.,         )
         Plaintiffs,           )
                               )
    v.                         )   Civil Action No. 05-1066
                               )
NORTH AMERICA REBUILD CO., INC.)
         Defendant.            )

ORDER

AND NOW, this 7th day of August, 2006, IT IS HEREBY

ORDERED that defendant's motion to enforce settlement [doc. no.

17] is DENIED.

    IT IS FURTHER ORDERED that plaintiffs' motion to compel

[doc. no. 14] is DENIED, without prejudice.

BY THE COURT,

cc:  All Counsel of Record

8