UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

**JOY TECHNOLOGIES, INC.** and
**JOY MM DELAWARE, INC.**,

      Plaintiffs,

vs.

**NARCO**
**North American Rebuild Co., Inc.**,

      Defendant.

Civil Case No. 05-1066

---

### STIPULATED ORDER FOR PERMANENT INJUNCTION AND DISMISSAL OF ACTION SUBJECT TO TERMS

---

This matter, having come for consideration upon the complaint of the plaintiffs, Joy Technologies, Inc. and Joy MM Delaware, Inc. (hereinafter "Joy") for trademark infringement, unfair competition and state-law identity theft, and the parties having stipulated to the entry of a permanent injunction against Defendant North American Rebuild Co., Inc. ("NARCO" or "Defendant") and to dismissal of the above-captioned action subject to the terms provided herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    This Court has jurisdiction over this action under the laws of the United States, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and over the parties to this suit. The claims arising under the laws of the State of Pennsylvania are joined with substantial and related claims under the trademark laws of the United States.

2.    Joy is the owner of the trademarks JOY, JOY MINING, and JOY & DESIGN, including United States Registration Nos. 1,153,610 and 2,545,032 therefor, which are valid and

enforceable and constitute *prima facie* evidence of Joy's ownership of said marks and use of those marks in commerce on and in connection with the goods recited in said registrations and substantially related goods. Printouts of the referenced registrations are attached hereto as Exhibit A (the "Joy Trademarks").

3. Defendant acknowledges the validity and enforceability of the Joy Trademarks and the registrations therefor.

4. Defendant and its agents, employees, servants, representatives, officers, directors, shareholders, subsidiaries, affiliates, and all of their successors and assigns and any and all persons acting in concert with them (collectively "the Enjoined Persons") are permanently and perpetually enjoined and restrained from doing any of the following, directly or indirectly, and from aiding, abetting, or inducing anyone else to do any of the following and from contributing to anyone else doing any of the following:

(a) Using, or aiding, abetting, inducing or licensing any other party to use, any trademark or tradename that incorporates (i) the Joy Trademarks either alone or in combination with any other words or design elements, or (ii) any other mark which so resembles the Joy Trademarks as to be likely to cause confusion, deception or mistake, on or in connection with the advertisement, offering for sale, or sale of any goods or services not originating with and not authorized entirely by Joy; provided, however, that NARCO may use replacement parts or component parts bearing the Joy Trademarks consistent with Paragraphs 5, 8 and 11 below and with any applicable purchase agreements;

(b) Passing off, inducing or enabling others to pass off any product or service as originating with or authorized by Joy, if said product or service did not originate with and was not authorized by Joy;

2

(c) Taking any actions that cause or tend to cause third parties to believe that NARCO is an authorized dealer or licensee of Joy or otherwise affiliated with Joy, including but not limited to making representations to third parties, either implicitly or explicitly, concerning authorization from or affiliation with Joy, maintaining any telephone directory listings, maintaining web sites or internet links, maintaining any advertisements, or using any signage, letterhead, or business cards incorporating in any way the Joy Trademarks or any colorable imitation of those marks;

(d) diluting or infringing the rights of Joy in and to the Joy Trademarks; and

(e) challenging the validity or enforceability of the Joy Trademarks or any registrations therefor in any proceeding brought by Joy to enforce the provisions of this Stipulated Order for Permanent Injunction and Dismissal of Action Subject to Terms or in any other proceeding whatsoever.

5. When, in the process of fabricating, building, or rebuilding a mining shuttle car originally manufactured by Joy, NARCO replaces one or more of the following items:

- the canopy
- the controller case, or
- any drives

with a part that is either not made by Joy or not made solely as a replacement part, NARCO will remove any Joy serial number plate and any Joy 2-G tag from the mining shuttle car.

6. If any of the parts identified in Paragraph 5 above are replaced by NARCO on a particular mining shuttle car, NARCO shall affix its own NARCO serial number and NARCO 2-G tag to the machine.

7. So long as NARCO does not replace one or more of the items In paragraph 5 or

replaces one or more of said items only with new parts that are made by JOY, NARCO may repair, replace parts, refurbish or perform other field modifications to mining machines manufactured by JOY without removing the JOY serial number plate or the JOY 2-G plate, however NARCO shall affix to the mining machine a separate label, which label shall state as follows:

THIS PRODUCT HAS BEEN REBUILT BY NORTH AMERICAN REBUILD CO., INC. ITS OPERATING CHARACTERISTICS, AS SET BY THE ORIGINAL MANUFACTURER, MAY HAVE BEEN MODIFIED.

Such label shall not contain any language other than the foregoing sentences. The print on such label and the position of the label on the mining machine shall be conspicuous, such that the label shall be readable by the operator during normal operation of the machine.

8. In the event that NARCO uses a non-JOY frame for a mining shuttle car, the parties agree (1) that such mining machine shall be a NARCO machine, (2) that NARCO shall remove any Joy Trademarks, Joy serial numbers or Joy 2-G tags from the machine, except that NARCO may allow Joy Trademarks to remain on Joy manufactured component parts, (3) that NARCO shall place its own serial number and 2-G tags on the machine, and (4) that NARCO shall affix to the rebuilt machine the label described in Paragraph 7 above in the same manner as described in Paragraph 7 above.

9. When, in the process of fabricating, building, rebuilding or repairing a continuous miner that was originally manufactured by Joy, NARCO replaces all or more than fifty percent (50%) of the frame, or substantially changes the dimensions of the frame, NARCO shall remove any Joy serial number plate and any Joy 2-G tag from the rebuilt machine and shall not affix any Joy serial number plate or Joy 2-G tag to the rebuilt machine. For all continuous miners that are

covered by this Paragraph 9, NARCO shall affix to the rebuilt machine the label described in Paragraph 7 above in the same manner as described in Paragraph 7 above.

10. NARCO will not use orange paint on any rebuilt or manufactured mining machines, including mining shuttle cars, that come within the scope of Paragraphs 5, 8 and 9 hereof. This restriction shall not apply if the customer requests that the mining machine be painted orange.

11. All NARCO proposals, invoices and parts manuals for rebuilt or manufactured mining machines, including mining shuttle cars, coming within the scope of Paragraphs 5, 8 and 9 hereof will clearly indicate that the mining machine in question is a NARCO rebuilt product. This restriction shall not prohibit NARCO from including within its documents, original Joy documents that correspond to parts manufactured by Joy and then on the mining machine at issue.

12. If Joy discovers any use of the Joy Trademarks or any offensive statements, content or language on Defendant's or Enjoined Persons' Internet websites or in other content in the possession, custody or control of Defendant or Enjoined Persons that do not comply with the provisions of this Stipulated Order for Permanent Injunction and Dismissal Subject to Terms or if Joy discovers any products worked on by NARCO that do not conform to this Stipulated Order for Permanent Injunction because of NARCO actions, Joy may file a motion with this Court, upon proper notice to NARCO, requesting the entry of an Order for contempt and the imposition of sanctions.

13. Subject to the terms of this Stipulated Order for Permanent Injunction, all claims asserted by Joy against NARCO, as set forth in the Complaint in the above-captioned action, shall be dismissed with prejudice.

14.     Jurisdiction is retained by this Court for the purpose of ensuring compliance with the terms of this Stipulated Order for Permanent Injunction and for enabling the parties to apply to this Court for further orders.

Dated this 20th day of September, 2006.

| **Pietragallo, Bosick & Gordon** | **Dickie, McCamey & Chilcote, P.C.** |
|---|---|
| By: /s/ Joseph J. Bosick<br>Joseph J. Bosick, Esq.<br>One Oxford Centre<br>The Thirty-Eighth Floor<br>Pittsburgh, PA 15219<br>(412) 263-2000<br>*Attorneys for Plaintiffs*<br>*Joy Technologies, Inc. and*<br>*Joy MM Delaware, Inc.* | By: /s/ Frederick W. Bode, III<br>Frederick W. Bode, III, Esq.<br>Darren E. Wolf, Esq.<br>Kristin Hock Prex, Esq.<br>Two PPG Place, Suite 400<br>Pittsburgh, PA 15222-5402<br>(412) 281-2272<br>*Attorneys for Defendant*<br>*North America Rebuild Co, Inc.* |

**IT IS SO ORDERED.**

Dated this ___ day of _____, 2006.

**BY THE COURT:**

_____
Honorable _____
United States District Judge

6