UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOY TECHNOLOGIES INC.** and **JOY MM DELAWARE INC.**, | Civil Case No. 05-1066 |
| Plaintiffs, | |
| vs. | |
| **NORTH AMERICAN REBUILD CO., INC.**, | Judge Lancaster |
| Defendant. | |

## MOTION FOR CIVIL CONTEMPT

AND NOW, comes Joy Technologies Inc. and Joy MM Delaware Inc., Plaintiffs above-named, by and through their counsel, Joseph J Bosick, Esquire and the law firm of Pietragallo Gordon Alfano Bosick & Raspanti, LLP, who make a Motion for Civil Contempt, stating as follows:

1.   Joy Technologies Inc. d.b.a. Joy Mining Machinery ('Joy") is a Delaware corporation which has extensive operations in western Pennsylvania, including its headquarters in Warrrendale (Allegheny County). Joy is the world's leading manufacturer of equipment used in underground coal mining.

2.   In 2005, Plaintiffs filed suit against Defendant NARCO, North American Rebuild Co., Inc., for trademark and copyright infringement at this docket number.

3.   In September 2006, the parties entered into a Settlement Agreement with respect to Joy's claims against NARCO. A copy of the Settlement Agreement is attached hereto, marked Exhibit "A", and incorporated herein by reference.

4.      Paragraph 1.1 of the Settlement Agreement provided that, pursuant to the stipulation of the parties, a Stipulated Order for Permanent Injunction and Dismissal of Action Subject to Terms should be entered by the United States District Court for the Western District of Pennsylvania.

5.      On September 26, 2006, the Court signed the Amended Stipulated Order for Permanent Injunction and Dismissal of Action Subject to Terms agreed to by the parties. A copy of the Amended Stipulated Order (Document 31) ("Stipulated Order") is attached hereto and marked Exhibit "B".

6.      The Stipulated Order specifically identifies, in Paragraph 2 thereof, certain Joy trademarks, JOY, JOY MINING, and JOY & DESIGN, which are the subject of the Order.

7.      Paragraph 12 of the Stipulated Order provides as follows:

> If Joy discovers any use of the Joy Trademarks or any offensive statements, content or language on Defendant's or Enjoined Persons' Internet websites or in other content in the possession, custody or control of Defendant or Enjoined Persons that do not comply with the provisions of this Stipulated Order for Permanent Injunction and Dismissal Subject to Terms or if Joy discovers any products worked on by NARCO that do not conform to this Stipulated Order for Permanent Injunction because of NARCO actions, Joy may file a motion with this Court, upon proper notice to NARCO, requesting the entry of an Order for contempt and the imposition of sanctions.

8.      Under Paragraph 15 of the Stipulated Order,

> Jurisdiction is retained by this Court for the purpose of ensuring compliance with the terms of this Stipulated Order for Permanent Injunction and for enabling the parties to apply to this Court for further orders.

9.      By virtue of Paragraph 15 of the Stipulated Order, this Court has jurisdiction over this Motion for Civil Contempt.

10.     Due to the possibility of an explosion resulting from the release of methane gas as coal is being mined, the design and manufacture of certain types of electrically powered equipment used in underground coal mining is regulated by the Mine Safety and Health Administration ("MSHA").

11.     MSHA's standards and procedures for approving the design of equipment and components are found in 30 CFR Part 18. Generally, MSHA issues an "Approval" for the design of an entire piece of equipment (*e.g.*, a shuttle car), and a "Certification" for components (*e.g.*, an electrical motor for a shuttle car). Approvals and Certifications are issued to manufacturers such as Joy, and Joy, in turn, is authorized to manufacture the equipment and components and place a plate or tag on the equipment or component representing that the equipment or component is built in compliance with MSHA's regulations. The Approval plate for a piece of equipment is commonly referred to as a "2-G tag", and the tag for a component as a "XP tag".

12.     In late May 2011, Joy discovered that NARCO was placing forged XP tags on various components of its machines falsely representing that Joy Technologies Inc. has certified that the component is in compliance with the MSHA Certification, a practice which not only violates the express terms of the Stipulated Order, but also constitutes misrepresentation and fraud.

13.     By letter dated June 1, 2011, and in accordance with Paragraph 12 of the Stipulated Order, Joy advised NARCO of these violations. A copy of Joy's letter of June 1, 2011, addressed to Mark Grimmett, with attachments (color photographs), is attached hereto, marked Exhibit "C", and incorporated herein by reference.

14. By letter dated July 26, 2011, and addressed to Karina Livshin, Vice President and General Counsel for Joy, counsel for NARCO responded to Ms. Livshin's letter of June 1, 2011, addressed to Mark Grimmett. A copy of NARCO's July 26, 2011 letter to Joy is attached hereto, marked Exhibit "D", and incorporated herein by reference.

15. The July 26, 2011 letter acknowledges NARCO's receipt of Joy's June 1, 2011 letter and NARCO's familiarity with the terms of the September 2006 Settlement Agreement, including the restrictions on NARCO included in that Agreement, as well as with the terms of the Amended Stipulated Order signed by this Court on September 25, 2006.

16. In its July 26, 2011 letter, NARCO contends that NARCO's XP tags should not confuse the end-user, even though they include the Joy name, but agrees, going forward, that any XP tag that is replaced would not be replaced with a tag that includes the Joy name.

17. By letter dated August 4, 2011, a copy of which is attached hereto and marked Exhibit "E", Joy responded to NARCO' letter of July 26, 2011, again asserting that NARCO's use of forged tags that include Joy's name and certification numbers was violating the terms of the Settlement Agreement and Stipulated Order, and that NARCO's proposed "remedy" set forth in its July 26, 2011 letter would not cure these breaches.

18. Joy's letter of August 4, 2011 also specifically advises NARCO of Joy's intent to file a Motion for Contempt in this Court, requesting the imposition of sanctions, attorney fees, and costs for violation of the Settlement Agreement and Stipulated Order.

19. Under Third Circuit law, a party to a court order is liable for civil contempt when it disobeys a court order of which it has knowledge. Robin Woods, Inc. v Woods, 28 F.3d 396, 399 (3d Cir. 1994); Al C. Rinaldi, Inc. v. Bach to Rock Music School, 279 F. Supp. 2d 624, 627-28 (E.D. Pa. 2003).

20. The purpose of civil contempt is to enforce compliance with a court order and to compensate the other party, by way of the imposition of sanctions, for losses or damages sustained by reason of the defendant's non-compliance. Robin Woods, Inc., 28 F.3d at 400; Al C. Rinaldi, 279 F. Supp. 2d at 627.

21. Attorney fees and expenses incurred in proving a violation of the court order are also awardable as sanctions as a general rule. Robin Woods, Inc., 28 F.3d at 399-400; Al C. Rinaldi, 279 F. Supp. 2d at 635-36; CBS, Inc. v. Pennsylvania Record Outlet, 598 F. Supp. 1549, 1557 (W.D. Pa. 1984).

22. Construction of a court order stipulated or consented to by the parties "is governed by the ordinary rules of contract interpretation". Al C. Rinaldi, Inc., 279 F. Supp. 2d at 628.

23. Here, it is undisputed that a valid court order exists and that NARCO had knowledge of the order.

24. The Stipulated Order precludes NARCO from using Joy Trademarks except as specifically permitted in the Settlement Agreement and Stipulated Order. Stipulated Order, ¶ 4.

25. NARCO's uses of Joy Trademarks in the forged XP tags described in Joy's June 1, 2011 letter to NARCO, uses which NARCO does not deny having engaged in, violate Paragraphs 4(a), 4(b) and 10 of the Stipulated Order.

26. Joy has, and will, incur expenses in investigating NARCO's violations and in preparing for a hearing on this Motion.

27. Joy is also entitled to its reasonable attorney's fees and costs in this matter.

WHEREFORE, Joy Technologies Inc. and Joy MM Delaware Inc. respectfully submit that their Motion for Civil Contempt should be granted, that NARCO should be found in violation of this Court's September 26, 2006 Stipulated Order and, accordingly, in civil contempt of this Court, that NARCO should be required to immediately cease and desist from and remedy all uses of Joy's trademarks which are in violation of the Stipulated Order, and that Joy should be awarded its reasonable expenses and attorneys fees and costs for which Joy makes application, at a time to be set by the Court.

          Respectfully submitted,

          Pietragallo Gordon Alfano Bosick & Raspanti, LLP

By: *Joseph J. Bosick*
      Joseph J. Bosick, Esquire
      One Oxford Centre
      The Thirty-Eighth Floor
      Pittsburgh, PA  15219
      (412) 263-2000

      **Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certified that a true and correct copy of the foregoing **Motion for Civil Contempt** was served electronically this 19th day of August 2011, upon the following:

> Frederick W. Bode, III, Esquire
> Darren E. Wolf, Esquire
> Dickie, McCamey & Chilcote
> Two PPG Place, Suite 400
> Pittsburgh, PA 15222
> ***Counsel for Defendant NARCO***

Pietragallo Gordon Alfano Bosick & Raspanti, LLP

By: *Joseph J. Bosick*
Joseph J. Bosick, Esquire
One Oxford Centre
The Thirty-Eighth Floor
Pittsburgh, PA 15219
(412) 263-2000

***Counsel for Plaintiffs***

2058563-v2